**In re AMERICAN PLASTICS SERVICE, INC., Debtor.**

**Fred ZIMMERMAN, Trustee of American Plastics Service, Inc., Plaintiff,**

v.

**Thomas P. MALONEY and Marvin Greenberg and First Pennsylvania Bank, N.A., Defendants.**

**Bankruptcy No. 83–04830G.**
**Adv. No. 85–0697G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 15, 1986.

Donald M. Collins, David C. Corujo, Stradley, Ronan, Stevens & Young, Philadelphia, Pa., for plaintiff, Fred Zimmerman, Trustee of American Plastics Service, Inc.

James R. DiFrank, DiFrank, Dellaporta & D'Amato, Philadelphia, Pa., for defendant, Thomas P. Maloney.

Andrew F. Malone, Boroff, Harris & Heller, P.C., Blue Bell, Pa., for defendant, Marvin Greenberg.

Michael R. Lastowski, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendant, First Pennsylvania Bank, N.J.

Fred Zimmerman, Pennsauken, N.J., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

A resolution of this case hinges on whether funds, deposited by prospective purchasers of the debtor's assets into a bank account opened in the name of the debtor, are property of the estate. In reviewing applicable law, we conclude that an additional evidentiary hearing should be held in order to adjudicate the rights of the parties as to the bank account.

The facts of this dispute are as follows:[1] In October of 1983, Thomas Mahoney ("Mahoney") and Marvin Greenberg ("Greenberg") conditionally agreed to purchase the stock of the debtor for the sum of $1.00 and an assumption of its liabilities. The sale was contingent on the success of Mahoney and Greenberg in negotiating reductions in the claims of the debtor's obligees.

To facilitate the conditional purchase, Mahoney and Greenberg opened a savings account and a checking account a month later at First Pennsylvania Bank with funds provided by Mahoney with the consent of the debtor. Apparently in an effort to minimize any disruption between the debtor and its trade creditors during the intended change of ownership, the accounts were opened in the name of the debtor. Mahoney and Greenberg were authorized to sign checks, and did so in order to pay some of the debtor's current bills. The parties agreed that funds disbursed from the account to satisfy the debtor's obligations, represented funds advanced by Mahoney and Greenberg to the debtor. In addition, an officer and sole shareholder of the debtor occasionally deposited into the account checks payable to the debtor.

One month later Mahoney and Greenberg discovered that the debtor had substantially understated its liabilities and consequently the purchase agreement disintegrated. Mahoney and Greenberg then withdrew all of the funds remaining in the bank accounts. In short order the debtor filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") and we appointed a trustee to administer the case.

The trustee then commenced the instant adversary proceeding in order to recover the sum of $8,767.48, withdrawn by Mahoney and Greenberg from the accounts. The trustee argues that the funds were property of the estate and that their withdrawal constituted a preferential transfer which is avoidable under 11 U.S.C. § 547(b).[2]

The law in Pennsylvania is that funds deposited in a bank account presumptively belong to the party named on the account. *Egbert v. Payne*, 99 Pa. 239 (1882). A party seeking to overcome this presumption must bear the burden of proof on that issue. *Id.*

As applied to the case at bench, it is clear that Mahoney and Greenberg have over-

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

**2.** 11 U.S.C. § 547(b) provides as follows:

§ 547. Preferences

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

come the presumption enunciated in *Egbert v. Payne* by establishing that the funds in the bank accounts were initially theirs. The clarity of this view is blurred on consideration of the fact that funds belonging to the debtor were deposited into the account by the debtor. The evidence introduced at the hearing was insufficient for us to determine the amount of money deposited by Mahoney and Greenberg and the amount deposited by the debtor, as well as the amount and the application of money disbursed from the accounts.

We believe justice will best be served by holding another hearing on the matter to determine these essential facts, rather than resolve the case at this point by applying the burden of proof. We will accordingly fix a hearing date.

(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.