### In re AMERICAN PLASTICS SERVICE, INC., Debtor.

**Fred ZIMMERMAN, Trustee, Plaintiff,**

v.

**Thomas P. MAHONEY and Marvin Greenberg and First Pennsylvania Bank, N.A., Defendants.**

Bankruptcy No. 83–04830G.
Adv. No. 85–0697G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 8, 1986.

Donald M. Collins, David C. Corujo, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for plaintiff/trustee, Fred Zimmerman.

James R. DiFrank, DiFrank, Della Porta & D'Amato, Philadelphia, Pa., for defendants, Thomas P. Maloney and Marvin Greenberg.

Michael R. Lastowski, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendant, First Pennsylvania Bank, N.A.

### OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue at bench is whether the withdrawal of funds deposited by prospective purchasers of the debtor's assets into a bank account opened in the name of the debtor constituted a preferential transfer under 11 U.S.C. § 547(b) of the Bankruptcy Code ("the Code"). For the reasons set forth below, we conclude that the requisite

elements of a preferential transfer under § 547(b) have not been shown, and, accordingly, we will enter judgment in favor of the defendants.

The facts of this case are as follows:[1] The instant proceeding has a rather complicated procedural history in that numerous hearings have been held regarding the issue that is currently before this court. Specifically, the debtor's petition in bankruptcy was filed on December 13, 1983. In July, 1985, this adversary action was brought by the trustee against the defendants, Thomas Mahoney ("Mahoney") and Marvin Greenberg ("Greenberg"). A trial was held in October, 1985, at which time the trustee put on its case in chief. The defendants moved for summary judgment based on the trustee's failure to present a prima facie case. We granted the defendants' motion but subsequently vacated our order after reconsideration on the ground that the summary judgment motion was technically improper. We then held a hearing in April 1986 so that the defendants could present their case in chief. At that time, the defendants made a motion for involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b) and Bankruptcy Rule 7041 and then placed their case in chief on the record. Subsequently, in August, 1986, we issued an order scheduling another hearing to determine the exact amount of money, if any, that was deposited by the debtor into the bank accounts in question.

In our August, 1986 opinion, 63 B.R. 113, we found the following facts: Mahoney and Greenberg entered into a conditional agreement with the debtor, American Plastics, Inc., to purchase all of the debtor's stock and an assumption of its liabilities for the sum of $1.00. The sale was contingent on the success of Mahoney and Greenberg in negotiating reductions in the claims of the debtor's obligees.

To facilitate the conditional sale, Mahoney and Greenberg, with the debtor's consent, opened a savings account and a checking account in the debtor's name at First Pennsylvania Bank. Mahoney deposited approximately $11,000.00 into these accounts in order to pay some of the debtor's current bills. The parties agreed that the funds disbursed from the accounts to satisfy the debtor's obligations represented funds advanced by Mahoney and Greenberg to the debtor. Neither the debtor nor its agents or employees had any authority to sign checks and never had physical possession of the account. Mahoney and Greenberg were the only individuals authorized to withdraw funds from the accounts.

A short time after the parties agreed to the conditional sale of the debtor's assets, Mahoney and Greenberg discovered that the debtor had substantially understated its liabilities and, consequently, the purchase agreement disintegrated. Mahoney and Greenberg then withdrew all of the funds remaining in the bank accounts. Subsequently, the debtor filed a petition for relief under chapter 7 of the Code, and the trustee then commenced the instant adversary proceeding in order to recover the sum of $8,767.48 withdrawn by Mahoney and Greenberg from the accounts.

We found in our August, 1986, decision that Mahoney and Greenberg had overcome the presumption under Pennsylvania law that funds deposited in a bank account belong to the party named in the account. *See Egbert v. Payne*, 99 Pa. 239 (1882). The defendants sufficiently established that the funds in the bank accounts were initially theirs. We noted, however, that there was some evidence that funds belonging to the debtor were deposited into the defendants' accounts for the repayment of certain unsecured loans made to the debtor. Consequently, we ordered another hearing on the matter to determine the amount of money deposited by the defendants and the amount of money deposited by the debtor.

 The trustee has the burden of showing a preferential transfer under

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

§ 547(b) of the Code. At the final evidentiary hearing on this matter, the burden was on the trustee to show the amount, if any, of money deposited by the debtor into the defendants' accounts. However, despite the fact that the trustee was given another chance to prove his case, the facts elicited at the final hearing were essentially the same facts already found by this court. The purpose of the hearing was to determine the application of funds disbursed from the accounts and whether the debtor had deposited funds into the defendants' accounts. The trustee merely reestablished the theory of his case which was that monies in a bank account in the debtor's name presumptively belong to the debtor. There was no evidence whatsoever indicating the amount of money deposited by the debtor or the application of funds disbursed from the accounts. Accordingly, judgment will be entered in favor of the defendants.

The defendants ask for attorney's fees in the instant case on the ground that the trustee violated his duty under Bankruptcy Rule 9011. The defendants claim that the instant action was "technical" and designed to confuse the facts, augment litigation costs, and hide the truth with actual knowledge that the allegations set forth in the trustee's complaint were false and without proper investigation. We find no merit in any of these contentions and therefore will deny the request for attorney's fees.